Judge Rowan
delivered the opinion of the court.*
Adams had executed his note to Buford for $391 67 cts. payable two years after date. The bill of Bledsoe alledges that the note was, before it was due, won at play fairly by William M’Intire from the said Buford, and delivered over without assignment, by the latter to the former: That, being assured by Buford that it was won fairly by M’Intire, and by Adams that it was just, and that he would pay it, when it became due; he bought it from M’Intire for a full and valuable consideration. That he commenced suit upon the note, in the name of Buford, for his own benefit: That, pending the suit, Adams and Buford combined to defraud him, and the latter executed to the former a receipt in full against the note, and gave him also a written order to the clerk to dismiss the suit, which was done accordingly. The bill prayed a decree for the amount of the note, with the interest thereon, against Adams and Buford, (who were made defendants,) or one of them.
The answers alledge, that Bledsoe, M’Intire and John King, formed a combination to cheat Buford out of the note at cards. That M’Intire played, and Bledsoe and King were present, performing their parts respectively in the fraud: That Buford, moreover, was so intoxicated with liquor, as to be incapable of playing, counting his game, or detecting the various gross frauds which were practiced upon him: That the note was fraudulently obtained from the stakeholder in the absence of, and without the consent of Buford: That he, the next morning, forbade Adams to pay it to them, or either of them: That the amount of the note *46 was paid by Adams to Buford: That King and Bledsoe were equally concerned with M’Intire, in interest, in this foul transaction.
Pope for appellant.
The proof in the cause, supports the statements of the answers, and, of course, negatives the allegations of the bill.
This is a case of singular aspect. It possesses not a solitary feature calculated to conciliate the regard of the chancellor.
The decree of dismissal must be affirmed with costs.

Absent, Judge Owsley.